IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: DGI SERVICES, LLC,<br><br>    Debtor.<br>_____<br><br>GREAT NORTHERN INSURANCE COMPANY,<br><br>    Appellant,<br><br>    v.<br><br>LINDA L. MCMACKIN, TRUSTEE,<br><br>    Appellee. | Civ. No. 18-15071 (RMB)<br><br>**OPINION** |

APPEARANCES:

REBAR BERNSTIEL
By: George McClellan, Esq.
100 Overlook Place, Second Floor
Princeton, New Jersey 08540
    *Counsel for Appellant*

McMANIMON, SCOTLAND & BAUMANN, LLC
By: Andrea Dobin, Esq.
    Henry M. Karwowski, Esq.
427 Riverview Plaza
Trenton, New Jersey 08611
    *Counsel for Appellee*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    The issue presented by this appeal from the Bankruptcy Court is the applicability of the Barton[1] doctrine to: (A) Appellant

---

[1] Barton v. Barbour, 104 U.S. 126 (1881).

1

Great Northern Insurance Company's Motion for Leave to File a
counterclaim under the New Jersey Insurance Fraud Prevention Act,
N.J.S.A. 17:33A-4(a)(1)-(3) ("NJ IFPA"), against the Appellee
Chapter 7 Trustee in a state court suit brought by the Trustee[2];
and (B) the Trustee's Cross-Motion to bar Great Northern from
asserting its fifth affirmative defense-- that the Trustee
violated the "concealment or misrepresentation" provision of the
insurance policy-- in the same state court suit.  The Bankruptcy
Court denied Great Northern's Motion [see Bankr. Docket # 903,
Order of June 27, 2017], and granted the Trustee's Cross-Motion
only insofar as Great Northern's fifth affirmative defense was
coextensive with its proposed NJ IFPA claim [see Bankr. Docket #
1028, Order of October 4, 2018].[3]

---

[2] The Motion also proposed third-party claims under the NJ
IFPA against the Trustee's agents.  Both parties, and the
Bankruptcy Court, have treated the proposed third-party complaint
against the Trustee's agents as indistinguishable from the
proposed counterclaim against the Trustee herself.  This Court
also finds no reason to separately address the proposed third-
party complaint, and assumes-- as the parties and the Bankruptcy
Court have-- that the Barton doctrine analysis as to the proposed
counterclaim against the Trustee applies equally to the proposed
third-party complaint against the Trustee's agents.

[3] As explained further infra, the Bankruptcy Court's Order
on June 26, 2017 simply granted the Trustee's Cross-Motion,
employing the language proposed by the Trustee in her Proposed
Order on the Cross-Motion.  Great Northern timely appealed, and
during oral argument on the appeal, it became clear to this Court
that, with respect to the Cross-Motion, the parties had differing
understandings of the June 26th order.  Accordingly, this Court
remanded the appeal back to the Bankruptcy Court for
clarification, which clarification the Bankruptcy Court provided
in its Opinion and Order of October 4, 2018.

For the reasons stated herein, the Court will affirm in part and reserve decision in part.

**I.   BACKGROUND**

On December 21, 2011, several creditors of the Debtor, DGI Services, LLC, initiated this involuntary Chapter 7 case. [Bankr. Docket # 1]  Relevant to the issues raised on appeal, on November 13, 2011 (i.e., pre-petition), vandals broke into the Debtor's premises, physically damaged the Debtor's equipment, and breached the secure data room.  In re DGI Services, LLC, 2017 WL 3314225 at *1 (Bankr. D.N.J. June 26, 2017).  The Debtor timely submitted a notice of claim to its insurance company, Great Northern, which "had issued an insurance policy in favor of the Debtor, covering: (1) loss or damage caused by or resulting from a peril not otherwise excluded; and (2) business income loss." Id.  Post-petition, Great Northern denied coverage, which led the Trustee to file suit in New Jersey state court seeking "declaratory judgment that (i) the loss . . . is covered by the Policy; (ii) the Debtor's Estate is entitled to payment of the amount owed for the damaged physical assets; and (iii) the Debtor's Estate is entitled to payment of the business income loss claim pursuant to an appraisal process set forth in the insurance policy."  Id.

During the course of the state court coverage litigation, Great Northern learned of information which it asserts supports a

claim of insurance fraud, pursuant to the NJ IFPA, against the Trustee. See In re DGI Services, 2017 WL 3314225 at *2. Great Northern-- knowing that the Barton doctrine required it to get permission from the Bankruptcy Court before filing a claim against the Trustee in her official capacity as Trustee-- filed a Motion with the Bankruptcy Court for leave to file an NJ IFPA counterclaim against the Trustee in the pending state court coverage litigation. [See Bankr. Docket # 863] In response, the Trustee opposed the motion, and cross-moved to bar Great Northern from asserting its fifth affirmative defense that the Trustee violated the "concealment or misrepresentation" provision of the insurance policy at issue, therefore voiding coverage under the policy. [Trustee's Brief, Bankr. Docket # 885-1, p. 35, citing Great Northern's Proposed Answer, Bankr. Docket # 863-3, p. 15][4]

With respect to Great Northern's Motion, the Bankruptcy Court held that the proposed NJ IFPA claims failed to state a claim. Then with respect to the Trustee's Cross-Motion, the Bankruptcy Court reasoned, "[t]o succeed under an affirmative defense of fraud, Great Northern must prove the same elements of

---

[4] The Trustee's Proposed Order on her Cross-Motion states, quite vaguely, "the Cross-Motion is GRANTED. Great Northern is barred from asserting an affirmative defense of fraud in the State Court Suit." [Bankr. Docket # 885-13] However, an examination of the Trustee's moving brief [Bankr. Docket # 885-1, p. 35] makes clear that the Trustee specifically sought to bar Great Northern from litigating its fifth affirmative defense, which essentially asserts that, under the terms of the policy, Great Northern is permitted to avoid coverage.

4

fraud outlined in the IFPA, as discussed above. Since the Court ruled that Great Northern cannot prevail under the theory of fraud, Great Northern's affirmative defense of fraud would also not be successful." In re DGI Servs., 2017 WL 3314225 at *5.

Great Northern timely appealed. On appeal, it became apparent to this Court that the parties did not agree on what the Bankruptcy Court had ruled with respect to the Trustee's Cross-Motion[5], and so this Court remanded to the Bankruptcy Court for clarification on that issue. On October 8, 2018, the Bankruptcy Court issued a clarifying order which states,

> 1. Paragraph 2 of the June 26 Order is hereby clarified to state:
>
>> The Trustee's Cross-Motion is GRANTED only insofar as Great Northern is barred from raising the affirmative defense of fraud based on N.J.S.A. 17:33A-4(a)(1-3) and the facts alleged in the Motion before this Court. Nothing in this Order should be construed to limit or prevent Great Northern from raising any defenses and affirmative defenses available to it, including an affirmative defense not based on N.J.S.A. 17:33A-4(a)(1-3) and the allegations raised in the Motion.
>
> 2. Except as set forth herein, the terms of the June 26 Order remain in full force and effect.

---

[5] As observed supra at note 4, the Trustee's Proposed Order on its Cross-Motion was quite vague insofar as it only spoke of "an affirmative defense of fraud" [Bankr. Docket # 885-13] rather than specifically identifying Great Northern's fifth affirmative defense based on the concealment or misrepresentation clause of the insurance policy. The Bankruptcy Court, understandably, incorporated the Trustee's proposed language in its own Order of June 26, 2017. Thus, at least some of the parties' confusion as to the meaning of the Bankruptcy Court's Order may be traced to the Trustee's lack of linguistic precision in her Proposed Order.

5

[Bankr. Docket # 1028]  Great Northern timely appealed again.

## II. LEGAL STANDARD

This Court has jurisdiction to hear appeals from the Bankruptcy Court's final orders pursuant to 28 U.S.C. § 158(a).  The Bankruptcy Court's legal determinations are reviewed *de novo*; its factual findings are reviewed for clear error.  In re Titus, 916 F.3d 293, 299-300 (3d Cir. 2019).

## III. ANALYSIS

The Court first addresses (A) the Bankruptcy Court's ruling on Great Northern's Motion for Leave to File an NJ IFPA counterclaim against the Trustee, and then addresses (B) the Bankruptcy Court's ruling on the Trustee's Cross-Motion to bar Great Northern from asserting its fifth affirmative defense.

### A.

The parties do not dispute that the Bankruptcy Court applied the correct legal standard.  Under the Barton doctrine,

> [a] party seeking leave to file litigation outside of the appointing forum against a bankruptcy trustee for acts committed in her official capacity "must make a prima facie case against the trustee, showing that its claim is not without foundation."  The "not without foundation" standard is similar to the standard under a motion to dismiss, but has a "greater degree of flexibility." Courts balance the interests of all parties involved and whether the other tribunal may have expertise regarding the issues in the proposed suit. Generally, a court should grant leave to a party unless it is clear from the record that the proposed suit is wholly lacking in factual or legal support.

6

In re DGI Servs., 2017 WL 3314225 at *3 (quoting In re VistaCare Grp., LLC., 678 F.3d 218 (3d Cir. 2012)).

With regard to Great Northern's Motion for Leave to File the proposed NJ IFPA claims, this Court finds no error in the Bankruptcy Court's analysis. The facts as alleged by Great Northern do not support a claim for insurance fraud under the statute. All of Great Northern's arguments to the contrary are based on a faulty premise-- namely, that there was no *bona fide* dispute as to what were continuing expenses under the terms of insurance policy[6], and accordingly, what the Trustee could properly claim under the policy. As the Bankruptcy Court explained, "a difference of opinion between an insurer and an insured on the scope of coverage under an insurance policy does not give rise to a finding that one of the parties made a misrepresentation, even if that party's opinion was erroneous." In re DGI Servs., 2017 WL 3314225 at *4.[7]

---

[6] As counsel for Great Northern explained at oral argument before this Court, Great Northern has taken the position that the policy at issue is "supposed to be an actual loss policy, not a projected loss policy." [Oral Argument Transcript, District Court Docket # 15, p. 26] See also, Great Northern's Brief in further support of its appeal [District Court Docket # 7, p. 4] (explaining that "Great Northern's coverage argument [is] that under the terms of the insurance policy [at issue] [the Trustee] is not entitled to recover insurance benefits for any projections whatsoever-- whether the projections are proper or improper.").

[7] The Bankruptcy Court also rejected Great Northern's separate "concealment" theory supporting the proposed NJ IFPA claim. See In re DGI Servs., 2017 WL 3314225 at *3. Great Northern makes no argument concerning the Bankruptcy Court's

Accordingly, the Court will affirm the Bankruptcy Court's June 26, 2017 Order as incorporated in paragraph 2 of its October 8, 2018 Order.

**B.**

With respect to the Bankruptcy Court's Order granting in part the Trustee's Cross-Motion, the Court will reserve decision. As the Court extensively discussed with the parties at oral argument, it is not clear how an appellate ruling at this late date will affect, if at all, the state court coverage litigation.[8] Moreover, the Court questions whether this second issue-- the Barton doctrine's applicability to Great Northern's fifth affirmative defense[9]-- has been effectively rendered moot, either by a final judgment entered in state court, or perhaps by a

---

ruling on the concealment theory and so this Court considers the issue waived.

[8] See Oral Argument Transcript, District Court Docket # 15, p. 24, 26-30, 32-33, 36-38. In particular, the Court's original query remains unanswered: "So here's my question counsel. Isn't it just going to be a pyrrhic victory for [Great Northern] even if I agree with [Great Northern] on appeal?" [Oral Argument Transcript, p. 38]

[9] Great Northern's argument as to this issue appears to be colorable insofar as the Barton doctrine by its terms would seem to apply only to actions, claims or causes of action asserted against the Trustee *as a defendant*, see VistaCare, 678 F.3d at 224-25, and not defenses opposing a claim brought by the Trustee *as a plaintiff*. However, the Court does not rule on the issue at this time.

8

settlement.[10]  Accordingly, the Court will direct the parties each to submit a letter brief which (a) reports the status of the state court coverage litigation and (b) addresses whether the remainder of this appeal is now moot.

**IV. CONCLUSION**

For the foregoing reasons, the Court will affirm the decision of the Bankruptcy Court holding that the Barton doctrine bars Great Northern's proposed NJ IFPA counterclaim against the Trustee.  The Court will reserve decision as to the Bankruptcy Court's decision concerning Great Northern's fifth affirmative defense pending an update from the parties concerning the status of the state court coverage litigation.  An appropriate Order shall issue on this date.


Dated: August 14, 2019                    __ s/ Renée Marie Bumb _____
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE

---

[10]  When oral argument was held in June 2018, counsel represented that the state court litigation had already progressed past the summary judgment stage. [Oral Argument Transcript, District Court Docket # 15, p. 39]

9